JONATHAN D. BRIGHTBILL
Deputy Assistant Attorney General
Environment and Natural Resources Division

DEBRA J. CARFORA
(MD State Bar Number N/A)
debra.carfora@usdoj.gov
ANDREW COGHLAN
(CA State Bar Number 313332)
andrew.coghlan@usdoj.gov
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel:   (202) 514-2640
Fax:  (202) 514-8865

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ex. rel. THE REGIONAL WATER QUALITY CONTROL BOARD, SAN IEGO REGION,<br>         Plaintiff,<br>   v.<br>THE INTERNATIONAL BOUNDARY & WATER COMMISSION – UNITED STATES SECTION, et al.<br>         Defendants. | CASE NO. 18-cv-2050-JM-JLL<br><br>**THE INTERNATIONAL BOUNDARY & WATER COMMISSION-UNITED STATES SECTION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

## INTRODUCTION

1. The allegations in Paragraph 1 characterize the Complaint and are conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

2. The USIBWC admits the allegations in Paragraph 2.

3. The allegations in Paragraph 3 characterize the Complaint and are conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

4. The allegations in Paragraph 4 are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

5. The allegations in Paragraph 5 are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## JURISDICTION

6. The allegations in Paragraph 6 characterize the Complaint and are conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

7. The first sentence in Paragraph 7 characterizes Executive Order 12467, 49 Fed. Reg. 11139 (March 6, 1984), which speaks for itself and is the best evidence of its contents. Any allegations contrary to Executive Order 12467's plain language, meaning, or context are denied. The USIBWC admits that under the 1944 Treaty Between the United States and Mexico Respecting Utilization of the Waters of the Colorado and Tijuana Rivers and of the Rio Grande ("the 1944 Treaty"), Feb. 3, 1944, 59 Stat. 1219, T.S. No. 994, the United States shall have exclusive control over works constructed within its borders. The USIBWC otherwise denies the allegations in Paragraph 7's second sentence.

8. The allegations in Paragraph 8 are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

9. The USIBWC admits that it received a notice of the Plaintiff's intent to sue for violations of the Clean Water Act on May 14, 2018, that more than sixty days have passed, and that a copy of Plaintiff's notice letter is attached as Exhibit 1 to the Complaint.

## VENUE

10. The allegations in Paragraph 10 are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## PARTIES

11. The USIBWC admits the allegations in Paragraph 11.

12. The USIBWC admits the allegations in Paragraph 12.

13. The USIBWC admits the allegations in the first sentence of Paragraph 13. The allegations in Paragraph 13's second sentence are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

14. The USIBWC admits the allegations in the first sentence of Paragraph 14. The USIBWC admits that the 1994 Treaty calls on both the United States and Mexico to "give preferential attention to the solution of all border sanitation problems," through the construction of "sanitary measures or works which may be mutually agreed upon by the two Governments." 1944 Treaty, Art. 3. To the extent that Paragraph 14 alleges that USIBWC has a unilateral legal obligation to address transboundary waste, it mischaracterizes the 1944 Treaty and on that basis is denied. The USIBWC admits that construction began in 1996 on the South Bay International Water Treatment Plant ("the

Plant"), South Bay Ocean Outfall, and canyon collectors, but otherwise denies the allegation in Paragraph 14's third sentence.

      a) The USIBWC admits the allegations in Paragraph 14(a).

      b) The USIBWC admits that it owns five canyon collectors, located in north-draining, border-spanning canyons and ravines. USIBWC further admits that each of the five canyon collectors consists, in part, of a shallow retention basin and screen covered drain, and that flows that enter the collectors' drains are redirected to the Plant for treatment to secondary standards in accordance with the USIBWC's NPDES permit.

      c) The USIBWC admits the allegations in Paragraph 14(c).

15. The USIBWC admits only that the Plant, canyon collectors, and pump stations are regulated under a NPDES permit issued by the San Diego Water Board. The allegations in Paragraph 15's second sentence characterize the Complaint and are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

16. The USIBWC admits that Jose Nuñez is the Acting Commissioner of the USIBWC. The remaining allegations in Paragraph 16 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**CLEAN WATER ACT AND NPDES PERMIT REQUIREMENTS**

17. The allegations in Paragraph 17 characterize 33 U.S.C. § 1251(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, or context are denied.

18. The allegations in Paragraph 18 characterize 33 U.S.C. §§ 1251(a)(1) and (3), 1342, 1311(a), and 40 C.F.R. §§ 122, *et seq*. Those statutory and regulatory provisions speak for themselves and are the best evidence of their contents. Any allegations contrary to the statute's or regulation's plain language, meaning, or context are denied.

19.     The allegations in Paragraph 19 characterize 33 U.S.C. §§ 1251(d), and 1342(a) and (b).  Those statutory provisions speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute's plain language, meaning, or context are denied.

20.     The allegations in Paragraph 20 characterize the Porter-Cologne Water Quality Act, California Water Code sections 174, 13001, 13260–13276, and 13370–13390.  Those statutory provisions speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute's plain language, meaning, or context are denied.

21.     The allegations in Paragraph 21 characterize California Water Code sections 13000, 13050(f), 13241, 13263, and 13377, and 40 C.F.R. §§ 131.2, 130.3.  Those statutory and regulatory provisions speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute's or regulation's plain language, meaning, or context are denied.

22.     The USIBWC admits the allegations in the first two sentences of Paragraph 22.  The allegations in Paragraph 22's third sentence characterize California Water Code sections 13050(j), 13170, 13240, and 13241.  Those statutory provisions speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statute's plain language, meaning, or context are denied.

23.     The allegations in Paragraph 23 characterize California Water Code section 13376 and 33 U.S.C. §§ 1311 and 1342.  Those statutory provisions speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statutes' plain language, meaning, or context are denied.

24.     The allegations in Paragraph 24 characterize California Water Code section 13383 and 33 U.S.C. § 1342.  Those statutory provisions speak for themselves and are the best evidence of their contents.  Any allegations contrary to the statutes' plain language, meaning, or context are denied.

25. The allegations in Paragraph 25 are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## FACTUAL BACKGROUND

**I. USIBWC IS RESPONSIBLE FOR RESOLVING CROSS-BORDER POLLUTION WITHIN THE TIJUANA RIVER WATERSHED.**

26. The USIBWC admits the allegations in Paragraph 26.

27. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 27.

28. The USIBWC admits the allegations in Paragraph 28.

29. The USIBWC admits the allegations in Paragraph 29's first sentence. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 29's second and third sentences. The amount of untreated waste that flows uncaptured from Tijuana into the United States has declined significantly since the construction of the Plant; to the extent that Paragraph 29's fourth sentence alleges otherwise, it is denied. The USIBWC admits the allegations in Paragraph 29's last sentence.

30. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 30.

31. The USIBWC admits that the 1944 Treaty calls on both the United States and Mexico to "give preferential attention to the solution of all border sanitation problems," through the construction of "sanitary measures or works which may be mutually agreed upon by the two Governments." 1944 Treaty, art. 3. The USIBWC admits the allegations in Paragraph 31's second sentence. The USIBWC admits only that the 1944 Treaty provides that the United States and Mexico shall have exclusive control over works located within their respective borders, but otherwise denies the allegations in Paragraph 31's last sentence.

32. The USIBWC admits only that the IBWC may record its decisions in documents called Minutes, which function as binational executive agreements when approved by the governments of the United States and Mexico. The USIBWC otherwise denies the allegations in Paragraph 32's first sentence. The USIBWC admits the allegations in Paragraph 32's second and third sentences.

33. The USIBWC admits only that it designed the canyon collectors to capture dry weather transboundary flows, consistent with the Plant's capacity to safely handle such flows. Flows that exceed the Plant's capacity are not captured by the canyon collectors and diverted to the Plant. The remaining allegations in Paragraph 33 characterize the impacts of an unspecified quantity of transboundary flow of unspecified provenance; the USIBWC lacks knowledge and information sufficient to admit or deny these allegations.

34. The USIBWC admits the allegations in Paragraph 34's first, fourth, and fifth sentences. The USIBWC otherwise denies the allegations in Paragraph 34.

35. The USIBWC denies that transboundary flows go uncaptured by the canyon collectors because the collectors are improperly maintained or operated. The UISBWC otherwise admits the allegations in Paragraph 35.

36. The USIBWC admits the allegations in Paragraph 36.

37. The USIBWC admits the allegations in Paragraph 37.

## II. USIBWC'S NPDES PERMIT REQUIREMENTS

38. The USIBWC admits the allegations in Paragraph 38's first sentence. Paragraph 38's second sentence characterizes California Water Code section 13050(d), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, or context are denied.

39. The USIBWC admits the allegations in Paragraph 39.

40. The USIBWC admits the allegations in Paragraph 40's first sentence.

**Unlawful Discharges**

a) Paragraph 40(a) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

b) Paragraph 40(b) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

c) Paragraph 40(c) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

d) Paragraph 40(d) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

e) Paragraph 40(e) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

**Maintenance of the Facilities**

f) Paragraph 40(f) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

**Spill Prevention and Response Requirements**

g) Paragraph 40(g) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

h) Paragraph 40(h) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

   i) Paragraph 40(i) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

   j) Paragraph 40(j) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

   k) Paragraph 40(k) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

**Monitoring and Reporting Requirements**

   l) Paragraph 40(l) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

   m) Paragraph 40(m) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

   n) Paragraph 40(n) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

**Receiving Water Limitations**

   o) Paragraph 40(o) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

   p) Paragraph 40(p) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

### III. USIBWC Facilities Failed To Comply With Its NPDES Permit

41. The USIBWC admits that it has reported to the San Diego Water Board, ten Type A Flow Events and one Facilities Spill Event, since April 2015. The USIBWC denies that the transboundary flow on April 30, 2017, was a Type A, not a Type B, Flow Event. The USIBWC admits that it reported a Facilities Spill Event that occurred on February 27, 2018.

42. The USIBWC admits that the Type A Flow Events and Facilities Spill Event listed in Table A did not occur at the South Bay Ocean Outfall. The UISBWC denies that Type A Flow Events are subject to Discharge Prohibition III.A of the NPDES permit, and on this basis denies the remaining allegation in Paragraph 42.

43. The USIBWC denies the allegations in Paragraph 43.

44. The USIBWC denies the allegations in Paragraph 44.

45. The USIBWC denies the allegations in Paragraph 45.

46. The USIBWC admits the allegations in Paragraph 46.

47. The USIBWC admits that it did not take samples from the Type A Flow Events on May 21 and May 24, 2017, or the Type B Flow Event on April 30, 2017. The USIBWC otherwise denies the allegations in Paragraph 47's first sentence. The allegations in Paragraph 47's second sentence are unclear. The USIBWC admits only that samples taken from the Type A Flow Events listed in Table A had levels of enterococcus and fecal coliform bacteria that exceeded numerical limitations applicable to waters designated by the Water Board for contact recreation. The USIBWC otherwise denies the allegations in Paragraph 47's second sentence. The USIBWC admits the allegations in Paragraph 47's last sentence.

48. The allegations in Paragraph 48 characterize the NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

49. The USIBWC admits the allegations in Paragraph 49's first sentence. Based on the information contained in the USIBWC's Monthly Receiving Waters Monitoring Reports, the USIBWC admits that shoreline station monitoring showed exceedances of receiving water limitations for fecal coliform bacteria during parts of January 2016, March 2017, April 2017, and May 2017. Based on the same reports, the USIBWC denies that data from shoreline monitoring stations showed exceedances of receiving water limitations for fecal coliform bacteria during September 2016, June 2017, or October 2017. The USIBWC admits the allegations in Paragraph 49's last sentence.

50. The USIBWC denies the allegations in Paragraph 50.

51. The USIBWC denies the allegations in Paragraph 51.

52. The USIBWC admits that it did not obtain samples for the Type A Flow Events on May 21 and May 24, 2017, or for the Type B Flow Event on April 30, 2017.

53. The USIBWC admits that it did not test or report the test results for the six pesticides listed in Paragraph 53. The USIBWC also admits that it did not test or report test results for chronic toxicity, tetrachlorodibenzo-p-dioxin, and/or asbestos for the Type A Flow Events on January 29, 2016, September 5, 2016, and April 24, 2017.

54. The USIBWC admits the allegations in Paragraph 54's first three sentences. Sentences four and five characterize USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied. The USIBWC admits the allegations in the fifth sentence of Paragraph 54. The USIBWC denies the allegations in Paragraph 54's last sentence.

55. The USIBWC admits only that it convened, with EPA, a workshop in San Diego on December 12, 2017, which the Water Board hosted at its office. The remaining allegations in Paragraph 55 are denied. The Water Board's list of

"priority action items," and USIBWC's response thereto, speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, or context are denied.  The remaining allegations in Paragraph 55 are denied.

## FIRST CLAIM FOR RELIEF

(Violations of Section 301 of the Clean Water Act; 33 U.S.C. § 1311.)

56. The USIBWC restates its responses to Paragraphs 1–55.

57. The USIBWC admits the allegations in Paragraph 57.

58. The USIBWC admits the allegations in Paragraph 58.

59. The USIBWC admits only that the canyon collectors are designed to redirect to the Plant for treatment, dry weather transboundary flows of wastewater that pass through north-draining canyons and ravines.  The USIBWC also admits that the collectors are designed to redirect only those flows that the Plant can safely treat.

60. The allegations in Paragraph 60 are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

61. The USIBWC denies the allegations in Paragraph 61.

62. The USIBWC denies the allegations in Paragraph 62.

63. The USIBWC denies the allegations in Paragraph 63.

64. The USIBWC admits that the eleven transboundary flow events listed in Table A occurred during dry weather.  The Facilities Spill Event that occurred on February 27, 2018 occurred during wet weather.

65. The USIBWC admits that it does not hold a NPDES permit expressly that permits the discharge of pollutants from the canyon collectors in dry weather, but denies that the uncaptured flow of water through the canyon collectors requires a NPDES permit.  To the extent that Paragraph 65 alleges otherwise, it is denied.

66. USIBWC denies the allegations in Paragraph 66.

67. The allegations in Paragraph 67 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

68. The USIBWC admits the allegations in Paragraph 68.

69. The allegation in Paragraph 69 is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

70. The USIBWC denies the allegations in Paragraph 70.

71. The USIBWC denies the allegations in Paragraph 71.

72. The allegations in Paragraph 72 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

73. The USIBWC denies the allegations in Paragraph 73.

74. The USIBWC admits the allegation in Paragraph 74.

75. The allegations in Paragraph 75 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

76. The USIBWC restates its responses to Paragraphs 1–75.

77. The allegations in Paragraph 77 characterize the Complaint and are conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

78. The allegation in Paragraph 78 is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

   a) The allegations in Paragraph 78(a) characterize the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents.

Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

      b)  The USIBWC denies the allegations in Paragraph 78(b)

      c)  The USIBWC denies t the allegations in Paragraph 78(c).

      d)  The allegations in Paragraph 78(d) are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

      e)  The allegation in Paragraph 78(e) is a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

      f)  The allegations in Paragraph 78(f) are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

      g)  The USIBWC denies the allegations in Paragraph 78(g).

      h)  The allegations in Paragraph 78(h)'s first sentence are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The USIBWC denies the remaining allegations in Paragraph 78(h).

      i)  The USIBWC lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 78(i).

      j)  The allegations in Paragraph 78(j) are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

    79.  The allegations in Paragraph 79 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

a) Paragraph 79(a) characterizes the USIBWC's NPDES permit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the NPDES permit's plain language, meaning, or context are denied.

b) The USIBWC denies the allegations in Paragraph 79(b).

c) The USIBWC admits that it did not test or report the test results for the pesticides referenced on Table E-10 of the NPDES permit. The USIBWC also admits that it did not test or report test results for chronic toxicity, tetrachlorodibenzo-p-dioxin, and/or asbestos for the Type A Flow Events on January 29, 2016, September 5, 2016, and April 24, 2017. The USIBWC otherwise denies the allegations in Paragraph 79(c).

d) The allegations in Paragraph 79(d) are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

e) The allegations in Paragraph 79(e) are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

80. The allegations in Paragraph 80 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

a) The USIBWC admits the allegations in Paragraph 80(a).

b) The USIBWC denies the allegations in Paragraph 80(b).

c) The USIBWC admits only that eleven of the events listed in Table A of the Complaint occurred after July 31, 2015, but otherwise denies the allegations in Paragraph 80(c) as worded.

d) The USIBWC denies the allegations in Paragraph 80(d).

e) The allegations in Paragraph 80(e) are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81. The USIBWC denies the allegations in Paragraph 81.

    a) The USIBWC admits the allegations in Paragraph 81(a).

    b) The USIBWC denies the allegations in Paragraph 81(b).

    c) The USIBWC denies that samples taken at monitoring stations in the Pacific Ocean showed exceedances of receiving water limitations in September 2016. The USIBWC otherwise admits the allegations in Paragraph 81(c).

    d) The USIBWC denies the allegations in Paragraph 81(d).

    e) The allegations in Paragraph 81(e) are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiff's Complaint consist of Plaintiff's request for relief, which does not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief sought, or any other relief.

## GENERAL DENIAL

The USIBWC denies each and every allegation of the Complaint not specifically admitted in its responses to the Complaint's specific Paragraphs, set forth above. To the extent that any allegations of fact in the Complaint remain unanswered, the USIBWC denies such allegations.

## DEFENSES

1. This Court lacks subject matter jurisdiction over Plaintiff's claims.

2. The complaint fails in whole or in part to state a claim upon which relief can be granted.

3. To the extent that Plaintiff's claims are partially or completely barred by laches, waiver, collateral estoppel, res judicata, equitable estoppel, and/or similar equitable doctrines, the claim should be dismissed.

4       The actions of the USIBWC alleged by the Complaint are partially or completely exempt or excepted from Clean Water Act jurisdiction.

5.      Defendants reserves the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

Wherefore, Defendants pray that this Court enter judgment in favor of the Defendants and against Plaintiff, dismiss the complaint against the Defendants, deny all of Plaintiff's claims for relief and costs, and grant such other relief as the Court may deem just and proper.

Respectfully submitted this 5th day of November, 2018.

JONATHAN D. BRIGHTBILL
Deputy Assistant Attorney General

/s/ Andrew S. Coghlan
DEBRA J. CARFORA
ANDREW COGHLAN
Attorneys for Defendant
International Boundary and Water Commission, United States Section

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 5, 2018, a true and correct copy of the foregoing Memorandum of Points and Authorities in Support of the United States' Partial Motion to Dismiss was served electronically via the Court's e-filing system to Counsel of Record.

/s/ Andrew S. Coghlan