UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA EX. REL. THE REGIONAL WATER QUALITY CONTROL BOARD, SAN DIEGO REGION,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BOUNDARY AND WATER COMMISSION, UNITED STATES SECTION, et al.,<br><br>Defendants. | Case No.: 18cv2050 JM (LL)<br><br>**ORDER GRANTING STATE LANDS COMMISSION'S MOTION TO INTERVENE** |

The California State Lands Commission ("Commission") moves to intervene in this action. (Doc. No. 6.) Plaintiff, the People of the State of California ex. rel. the Regional Water Quality Control Board, San Diego Region ("San Diego Water Board"), and Defendants, the International Boundary and Water Commission, United States Section ("USIBWC") and Jayne Harkins, Commissioner of the USIBWC, do not oppose the Commission's motion. (Id.; Doc. No. 11.) On December 3, 2018, the court took the Commission's motion under submission. For the reasons discussed below, the Commission's motion is granted.

## BACKGROUND

This action arises out of the flow of waste from Mexico across the international border into the United States. Defendant USIBWC is an agency of the United States that

1

owns and manages facilities in the Tijuana River watershed located in San Diego County, just north the United States-Mexico border. (Doc. No. 1. ("SDWB Compl.") ¶ 14.) The Tijuana River watershed straddles the United States-Mexico border and is comprised of over 1,750 square miles. (Id. ¶ 26.) The vast majority of the watershed is located in Mexico and drains principally into the Tijuana River. (Id.) The Tijuana River flows across the international border through USIBWC's flood control conveyance channel. (Id.) After crossing the border, the Tijuana River flows into the Tijuana River Estuary and eventually into the Pacific Ocean. (Id. ¶ 27.)

USIBWC's facilities direct and treat water flowing from Mexico across the border into the United States. (Id. ¶ 14) Plaintiff's claims arise from Defendants' management and operation of these facilities. (Id.) USIBWC's relevant facilities include: The South Bay International Wastewater Treatment Plant ("South Bay Plant"), a secondary treatment plant which receives wastewater from the Tijuana River watershed, treats the wastewater, and discharges the treated water into the Pacific Ocean through the South Bay Ocean Outfall. (Id.) A system of five concrete channels and detention basins located in the canyons just north of the border ("canyon collectors") capture dry-weather wastewater that flows from Mexico and convey the wastewater to the South Bay Plant. (Id.) Two pump stations, including one in Goat Canyon, facilitate the diversion of wastewater from the canyon collectors to the South Bay Plant for treatment. (Id.)

On September 4, 2018, the San Diego Water Board filed this enforcement action against Defendants.[1] (SDWB Compl.) On June 26, 2014, the San Diego Water Board issued USIBWC a National Pollution Discharge Elimination System ("NPDES") Permit, No. CA0108928 (the "NDPES Permit"). (Id. ¶ 3.) The NPDES Permit only allows Defendants to discharge waste from the South Bay Ocean Outfall. (Id.; Doc. No. 1-3, Exh.

---

[1] Plaintiff filed suit against then-acting Commissioner of USIBWC, Jose Nunez. (Doc. No. 1.) Jayne Harkins assumed the position of Commissioner on October 31, 2018. (Doc. No. 11.) At that time, Harkins was automatically substituted for Nunez as a party to this action. Fed. R. Civ. P. 25(d).

2 at 5.)² The Complaint alleges that Defendants violated the terms of the NPDES Permit and § 402 of the Clean Water Act ("CWA"), 33 U.S.C. § 1342, when, among other violations, Defendants failed to divert more than 11 million gallons of waste to the South Bay Plant and discharged waste from the canyon collectors instead of the South Bay Ocean Outfall. (Id. ¶¶ 41, 44-45, 76-81.) Defendants also violated the terms of the NPDES Permit, Plaintiff alleges, when the Goat Canyon pump station malfunctioned, releasing over 50,000 gallons of waste. (Id. ¶ 46, 78.) Lastly, the Complaint alleges that Defendants violated § 301 of the CWA, 33 U.S.C. § 1311, when they discharged waste from the canyon collectors and the Goat Canyon pump station without a NPDES permit. (Id. ¶¶ 56-75.)

The Commission is an agency of the State of California (the "State") vested with exclusive jurisdiction over "all ungranted tidelands and submerged lands owned by the State, and of the beds of navigable rivers, streams, bays, estuaries, and inlets, including tidelands and submerged lands or any interest therein." (Doc. No. 6-1, Exh. 1 ("Comm. Compl.") ¶ 8.) The Commission has exclusive jurisdiction over ungranted tidelands and submerged lands located in and near the Tijuana River watershed, the Tijuana Estuary, and the Pacific Ocean. (Id. ¶ 11.) Some of this land is leased by the Commission to the California Department of Parks and Recreation for the Border Field State Park, and to the United States Fish and Wildlife Service for the Tijuana River National Estuarine Research Reserve. (Id.) The Commission alleges that the land it has exclusive jurisdiction over has been damaged by USIBWC's "past and current spills and discharges [as] alleged in [Plaintiff's] Complaint and may be so damaged in the future." (Id. ¶ 12.) These spills and discharges also impair the public use of land under the Commission's jurisdiction. (Id.)

The Commission seeks injunctive and declaratory relief under § 301 of the CWA, 33 U.S.C. § 1311, for Defendants' discharge of pollutants from the canyon collectors and the Goat Canyon pump station without a NPDES permit. (Comm. Compl. ¶¶ 27-40.) The

---

² All page citations in this Order refer to the page numbers generated by the CM/ECF system.

Commission also seeks injunctive and declaratory relief under § 402 of the CWA, 33 U.S.C. § 1342, for Defendants' discharge of waste from the canyon collectors and Goat Canyon pump station in violation of the limitations set by the NPDES Permit. (Id. ¶¶ 41-48.) The Commission alleges that USIBWC violated the CWA and the NPDES Permit requirements when it failed to properly operate and maintain the canyon collectors and the Goat Canyon pump station; violated the Monitoring and Reporting Program Requirements of the NPDES permit; failed to implement the Spill Prevention and Response Plan required by the NPDES permit; and contributed to violations of the NPDES Permit receiving water limitations. (Id. ¶¶ 43-48.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 24(a)(1) provides: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute." The Commission argues that the Clean Water Act provides it with an unconditional right to intervene under Rule 24(a)(1).

Section 505(b)(1)(B) of the Clean Water Act provides:

> No action may be commenced (1) under subsection (a)(1) of this section—. . . (B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. § 1365(b)(1)(B). This provision provides both a bar to prosecution of a private enforcement action and a right to intervene. In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., 894 F.3d 1030, 1039-40 (9th Cir. 2018) ("In re Volkswagen").[3] A citizen may intervene in a CWA enforcement action as a matter of right under § 505(b)(1)(B) only if he or she (1) could have filed a citizen suit, but (2) is barred

---

[3] In re Volkswagen involved the Clean Air Act's parallel citizen suit and intervention provisions. The Ninth Circuit's reasoning in this case is equally applicable to the analogous Clean Water Act citizen suit and intervention provision, § 505(b)(1)(B).

from filing suit because the government is diligently prosecuting an enforcement action that seeks to enforce the same "effluent standard or limitation" or "order." Id. at 1039-40; 33 U.S.C. § 1365(a) & (b). See also United States v. Metro. St. Louis Sewer Dist. (MSD), 883 F.2d 54, 56 (8th Cir. 1989) (environmental organization entitled to intervene as a matter of right under § 505 of the CWA in governmental enforcement action).

## DISCUSSION

The Commission argues that § 505(b)(1)(B) of the Clean Water Act authorizes its intervention as a matter of right. The court agrees.[4]

First, the Commission is a "citizen" entitled to file suit or intervene under the CWA. Section 505(a) provides that "any citizen may commence a civil action on his own behalf— (1) against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a) (emphasis added). Section 505(b)(1)(B) of the CWA provides that "any citizen may intervene as a matter of right." 33 U.S.C. § 1365(b)(1)(B) (emphasis added). Section 505(g) defines a "citizen" as "a person or persons having an interest which is or may be adversely affected." 33 U.S.C. § 1365(g). Under the CWA, "person" includes a "State, . . . or political subdivision of a State . . ." 33 U.S.C. § 1362(5). The Commission is a political subdivision of the State of California. (Comm. Compl. ¶ 8.) The Commission also has an interest which is or may be adversely affected by Defendants' actions. The Commission has exclusive jurisdiction over parcels of land located in the Tijuana River and Tijuana River Estuary and the submerged lands within the Pacific Ocean. (Id. ¶ 11.) The waste discharged from USIBWC's facilities flows to these lands. (Id. ¶ 12, 21.) As a result, Defendants' spills have damaged and continue to damage the Commission's land. (Id. ¶ 12, 26.)

---

[4] Therefore, the court does not address the Commission's argument that, in the alternative, Rule 24(b)(2) authorizes its intervention.

Second, the San Diego Water Board's suit bars the Commission from filing a citizen suit. See In re Volkswagen, 894 F.3d at 1038 ("[A] citizen who retains the right to file suit on his own, despite a government enforcement action, has no statutory right to intervene in that action."). The Commission seeks to enforce the same NPDES Permit, and the same limitations provided by that Permit, as the San Diego Water Board. Both the Commission and the San Diego Water Board seek an order compelling Defendants to comply with the NPDES Permit ban on discharges from locations other than the South Bay Ocean Outfall, maintenance requirements, spill prevention and response requirements, monitoring and reporting requirements, and receiving water limitations. (SDWP Compl. ¶ 40; Comm. Compl. ¶¶ 43-48.) The San Diego Water Board and the Commission also seek to enjoin Defendants' discharges from the canyon collectors and the Goat Canyon pump station without a permit. (SDWP Compl. ¶¶ 56-75; Comm. Compl. ¶¶ 27-40.) Both parties seek declaratory relief for the same alleged actions. (Id.) Thus far, the San Diego Water Board has diligently prosecuted this action. The San Diego Water Board's enforcement action bars the Commission from filing its own suit against Defendants. Thus, the Commission satisfies the requirements for intervention under § 505(b)(1)(B).

Lastly, the Commission's motion to intervene is timely. See Fed. R. Civ. P. 24(a). The Commission filed this motion approximately two months after this action was initiated and before Defendants filed an answer. (Doc. No. 6.)

## CONCLUSION

The Commission is entitled to intervene in this action as a matter of right under Rule 24(a)(1) and § 505(b)(1)(B) of the Clean Water Act. The Commission shall file its complaint in intervention within five (5) court days of entry of this Order.

IT IS SO ORDERED.

DATED: December 10, 2018

JEFFREY T. MILLER
United States District Judge

6

18cv2050 JM (LL)