UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA EX. REL. THE REGIONAL WATER QUALITY CONTROL BOARD, SAN DIEGO REGION,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BOUNDARY AND WATER COMMISSION, UNITED STATES SECTION, et al.,<br><br>Defendants. | Case No.: 18cv2050 JM (LL)<br><br>**ORDER GRANTING THE CITY OF SAN DIEGO'S MOTION TO INTERVENE** |

The City of San Diego (the "City") moves to intervene in this enforcement action filed by the People of the State of California, *Ex. Rel.* the Regional Water Quality Control Board, San Diego Region (the "Water Board"). (Doc. No. 25.) The Water Board and Plaintiff-Intervenor the California State Lands Commission do not oppose. (Id. at 6.)[1] Defendants International Boundary and Water Commission, United States Section, and Commissioner Jayne Harkins (collectively "USIBWC") oppose in part. (Doc. No. 26.) For the reasons discussed below, the court grants the City's motion to intervene.

---

[1] All page citations in this order refer to those generated by the court's CM/ECF system.

# BACKGROUND

The facts of this case are familiar to the court and parties and are repeated here only as necessary. USIBWC is a defendant in three separate lawsuits alleging that its operation of facilities in the Tijuana River Valley near the United States-Mexico border violates the Clean Water Act ("CWA"). On March 2, 2018, the City of Imperial Beach, San Diego Unified Port District, and the City of Chula Vista filed suit against Defendants USIBWC and Veolia Water North America, West, LLC. City of Imperial Beach, et al. v. USIBWC, et al., 18cv457 JM (LL) ("City of Imperial Beach"). On July 17, 2018, Surfrider Foundation filed suit against USIBWC. Surfrider Foundation v. USIBWC, 18cv1621 JM (LL) ("Surfrider"). On September 4, 2018, the Water Board filed this action to compel USIBWC to comply with the NPDES Permit it issued, Permit No. CA0108928 (the "NPDES Permit"). (Doc. No. 1, "SDWB Compl.") Plaintiffs in all three cases allege that the discharge of pollutants from USIBWC's canyon collector facilities into the Tijuana River violates the NPDES Permit. The City of Imperial Beach and Surfrider Plaintiffs also allege that the discharge of pollutants from USIBWC's flood control conveyance located in the main channel of the Tijuana River violates the CWA.[2]

On December 10, 2018, the court granted Plaintiff-Intervenor the State Lands Commission's unopposed motion to intervene as a matter of right in this action. (Doc. No. 15.) The City of San Diego now moves to intervene in this action and asserts two claims— (1) the discharge of pollutants from USIBWC's canyon collectors into the Tijuana River violates the CWA, 33 U.S.C. §§ 1311(a) & 1342; and (2) the discharge of pollutants from USIBWC's flood control conveyance without an NPDES permit violates the CWA, 33 U.S.C. §§ 1311(a) & 1342. (Doc. No. 25-2, "City Compl.")

///
///

---

[2] Plaintiffs in City of Imperial Beach also assert a Resource Conservation and Recovery Act ("RCRA") claims against USIBWC.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 24(a) provides that on timely motion a "court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(b)(1) provides that on timely motion, a "court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact."

## DISCUSSION

USIBWC concedes that the City has a right to intervene on its first claim but argues that the City may not assert its second claim relating to the flood control conveyance in this action. The court finds that the City may intervene as a matter of right on its first claim and may permissively intervene based on the entirety of its complaint.

### A. Rule 24(a): Intervention as of Right

Federal Rule of Civil Procedure 24(a) provides: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute." USIBWC does not oppose the City's intervention in this matter on its first claim. It argues, however, that the City's second claim relating to the flood control conveyance is not barred by the Water Board's suit, and thus, may not be asserted in this action as a matter of right. The City argues that it has a right to intervene for all of its claims because its first claim is barred by the Water Board's suit.

The parties' dispute centers on competing interpretations of the phrase "the *same* 'standard, limitation, or order.'" See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., 894 F.3d 1030, 1039 (9th Cir. 2018) ("Volkswagen") (emphasis in original). In Volkswagen, the Ninth Circuit construed the citizen suit provision of the Clean Air Act ("CAA") as providing both a bar to private enforcement and a right to intervene when an enforcement action is being diligently prosecuted. The court

held that the "diligent prosecution bar" defines the right of intervention granted by the citizen suit provision. Id. A suit is barred if the citizen seeks enforcement of "the *same* 'standard, limitation, or order,'" within the meaning of the CAA. Id. If the citizen seeks enforcement of a different standard, limitation, or order, the suit is not barred and the citizen does not have a right to intervene. Id.

The parties' briefing focuses on Volkswagen, but the question presented here also requires an analysis of the statutory language of the CWA. The CWA analog to the CAA citizen suit provision interpreted in Volkswagen grants "any citizen" the right to bring a civil action challenging the violation of "(A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a)(1). Such a suit may not be brought, however, "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action . . . to require compliance with *the* standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(B) (emphasis added). But "in any such action . . . any citizen may intervene as a matter of right." Id.

The phrase "*the* standard, limitation, or order" in 33 U.S.C. § 1365(b)(1)(B) refers to "an effluent standard or limitation," or "an order issued by the Administrator or a State with respect to such a standard or limitation," as defined by this section. 33 U.S.C. §§ 1365(a)(1) & (b)(1)(B); Volkswagen, 894 F.3d at 1039. Section 1365 defines an "effluent standard or limitation" as, among other standards and limitations, "an unlawful act under subsection (a) of section 1311 of this title,"[3] or "a permit or condition of a permit issued under section 1342 of this title that is in effect under this chapter (including a requirement applicable by reason of section 1323 of this title)." 33 U.S.C. § 1365(f).[4]

---

[3] 33 U.S.C. § 1311(a) provides that "[e]xcept as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful."

[4] 33 U.S.C. § 1342 provides the framework for the CWA's national pollutant discharge elimination system ("NPDES") permitting system. This section allows the Administrator

4

18cv2050 JM (LL)

The City is a "citizen" entitled to file suit or intervene under the CWA as it is a political subdivision of the State of California and its boundaries encompass the Tijuana River Valley and Tijuana River. (City Compl. ¶¶ 11-14.)[5] Both the Water Board and the City assert claims against USIBWC pursuant to 33 U.S.C. § 1342 for the discharge of pollutants from the canyon collectors in violation of the NPDES Permit. (SDWB Compl. ¶¶ 56-81; City Compl. ¶¶ 66-71; Doc. No. 1-3, NDPES Permit.) The NPDES Permit was issued pursuant to 33 U.S.C. § 1342. (Doc. No. 1-3, NPDES Permit at 4.) Accordingly, both parties seek enforcement of "an effluent standard or limitation" within the meaning of the CWA's citizen suit provision, 33 U.S.C. § 1365(f). Furthermore, the parties seek enforcement of the *same* standard or limitation. See Volkswagen, 894 F.3d at 1039. Both parties challenge USIBWC's alleged violation of the following terms of its NPDES Permit: the ban on discharges from locations other than the South Bay Ocean Outfall, maintenance requirements, monitoring and reporting requirements, and receiving water limitations. (SDWB Compl. ¶¶ 78-79; City Compl. ¶¶ 27-33, 66-71.)

The Water Board also alleges that the discharge of waste and pollutants from the canyon collectors during dry weather and from the Goat Canyon pump station without an NPDES permit violates 33 U.S.C. § 1311. (SDWB Compl. ¶¶ 56-75.) It thus seeks to enforce another "effluent standard or limitation" within the meaning of the CWA's citizen suit provision, 33 U.S.C. § 1365(f). Likewise, the City appears to challenge USIBWC's alleged discharge of pollutants from the canyon collectors and Goat Canyon pump station without an NPDES permit. (City Compl. ¶ 8.)[6]

---

or a State to issue an NPDES permit for the discharge of any pollutant subject to specified conditions and requirements.

[5] 33 U.S.C. § 1365(g) defines a "citizen" as "a person or persons having an interest which is or may be adversely affected." Under the CWA, "person" includes a "State, . . . or political subdivision of a State . . ." 33 U.S.C. § 1362(5).

[6] It is not entirely clear whether the City alleges that the discharge of pollutants from the canyon collectors and Goat Canyon pump station *without* an NPDES permit violates 33 U.S.C. § 1311(a). The City's Complaint references the dry weather spills from the

Accordingly, the City's first claim is barred by the diligent prosecution bar as it seeks to enforce the same effluent standard or limitation as the Water Board, and thus, the City may intervene as a matter of right on this claim. See Volkswagen, 894 F.3d at 1039.

The remaining question is whether the City's second claim relating to the flood control conveyance seeks to enforce the *same* effluent standard, limitation, or order as the Water Board's complaint. It does not. Both the City and Water Board seek to remedy "*an* unlawful act under subsection (a) of section 1311" of the CWA. See 33 U.S.C. § 1365(f) (emphasis added). But it is not the *same* unlawful act. The City, but not the Water Board, asserts a claim under 33 U.S.C. §§ 1311(a) & 1342 for the discharge of pollutants from the flood control conveyance without an NDPES permit. (City Compl. ¶¶ 77-79.) The Water Board does not allege that USIBWC unlawfully discharged pollutants from the flood control conveyance.

The City argues that its flood control conveyance claim is "intertwined" with the NPDES Permit, which is the same "standard, limitation, or order" that the Water Board seeks to enforce. (Doc. No. 27 at 6-8.) The City argues, and USIBWC disputes, that the NPDES Permit sets specific standards for discharges from the flood control conveyance.[7] But the City does not allege that the discharge of pollutants from the flood control conveyance violates the NPDES Permit. The City alleges that these discharges violate 33 U.S.C. §§ 1311(a) & 1342 because USIBWC *does not have* an NPDES permit authorizing such discharges. (City Compl. ¶¶ 77-79.) The fact that the NPDES Permit

---

canyon collectors and Goat Canyon pump station spill, (City Compl. ¶¶ 3, 28, 30), and incorporates all allegations in the Water Board's Complaint, (id. ¶ 8), but it does not specifically allege a claim for the discharge of pollutants from the canyon collectors and Goat Canyon pump station *without* an NPDES permit. (See id. ¶¶ 66-71.)

[7] The City argues that the NPDES Permit requires USIBWC to (1) prepare a prevention/response plan that covers all flow events, including those through the flood control conveyance (Doc. No. 1-3, NPDES Permit § IV.C.2.a.ii. at 16-17); and (2) coordinate with other agencies "in preventing, reducing, terminating, and recovering transboundary wastewater flows" (id. § VI.C.2.c.i at 26).

references potential obligations relating to the flood control conveyance is irrelevant to the City's claim. The City fails to identify a parallel standard, limitation, or order that its second claim seeks to enforce.

The City argues that if a proposed intervenor asserts any claim barred by the diligent prosecution bar, the citizen has a right to intervene for all "related" claims. (Doc. No. 27 at 4.) The City provides no authority for this proposition. It argues that the CWA's citizen suit provision does not speak in terms of "claims," but instead of "actions." Specifically, the City argues that "[n]owhere does this scheme contemplate atomizing a lawsuit into specific *claims* and splitting off the ones that are being prosecuted from ones that aren't." (Id. at 5) (emphasis in original.) The statute does use the term "action." Id. But even if this term is construed as a "civil or criminal judicial proceedings," see ACTION, Black's Law Dictionary (10th ed. 2014), this provision does not provide that a citizen may join all claims "related" to the barred claim. Every lawsuit is composed of individual claims and allegations. Under the City's construction, the CWA's citizen suit provision provides that "[n]o *action* [or judicial proceeding] may be commenced . . . under subsection (a)(1) of this section" if "the Administrator or State has commenced and is diligently prosecuting a civil or criminal *action* . . . to require compliance with *the* standard, limitation, or order, but in any such *action* in a court of the United States any citizen may intervene as a matter of right." 33 U.S.C. § 1365(b) (emphasis added). "[A] citizen who retains the right to file suit on his own, despite a government enforcement action, has no statutory right to intervene in that action." Volkswagen, 894 F.3d at 1038. Here, the City does not dispute that it retains the right to file its second claim in another lawsuit. (Doc. No. 25-1 at 6.) Such a lawsuit would not be barred by the Water Board's enforcement action as it would not seek to enforce the same limitation, standard, or order. An example provided in Volkswagen further supports this interpretation.

> [United States v. Stone Container Corp., 196 F.3d 1066 (9th Cir. 1999)] demonstrates how [the CAA citizen suit provision's] pieces fit together. In that case, the United States filed suit against the defendant for violations of the Clean Air Act, after receiving notice under § 7604(b)(1)(A) of the private plaintiff's intent to sue.

7

<u>Id</u>. The private plaintiff then filed its own 21-count suit against the defendant. Three of the 21 counts "mirrored" counts in the government's complaint. Those "duplicative" counts were dismissed by the plaintiff "subject to intervention in the United States enforcement action." <u>Id</u>. The plaintiff then negotiated a separate consent decree for the remaining, non-duplicative—and non-barred—claims in its complaint. See id. at 1067–68.

<u>Volkswagen</u>, 894 F.3d at 1040. In sum, the City may intervene as a matter of right for its first, but not its second, claim.[8]

### B. Rule 24(b): Permissive Intervention

The City also moves to intervene under Rule 24(b)(1).[9] A court has broad discretion to grant or deny a Rule 24(b) motion to intervene. <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998). But in exercising its discretion under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Rule 24(b)(1) provides that "the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact."

Generally, "permissive intervention under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." <u>Blum v. Merrill Lynch Pierce Fenner & Smith Inc.</u>, 712 F.3d 1349, 1353 (9th Cir. 2013) (internal quotations omitted). Here, all three requirements are satisfied. The City has an independent basis for jurisdiction because it asserts claims under the CWA. <u>See Freedom from Religion Found., Inc. v. Geithner</u>, 644 F.3d 836, 844 (9th Cir. 2011). Its motion is timely because discovery is ongoing and the deadline for filing pretrial motions is not until December 17, 2019.

---

[8] It is unclear whether the City moves to intervene under Rule 24(a)(2). (<u>See</u> Doc. No. 25-1 at 3-4.) To the extent the City seeks to intervene under this provision it fails to sufficiently brief the issue. <u>See</u> Fed. R. Civ. P. 24(c) (motion to intervene must "state the grounds for intervention").

[9] In its motion, the City cites to Rule 24(b)(2), but confirmed at the hearing that it moves to intervene under Rule 24(b)(1).

8

(Doc. No. 24 at 3.)[10] Lastly, the City's and Water Board's claims share common questions of fact and law. As the City states, "[a]ll violations alleged by the City in its proposed complaint in intervention turn on the interpretation of the same federal statute and concern transboundary water flows and the steps IBWC has taken (or has failed to take) to control that water, remove pollutants, and discharge it into the water of the United States." (Doc. No. 25-1 at 5.)[11]

Even if an applicant satisfies the three requirements above, the court has discretion to deny permissive intervention. Donnelly, 159 F.3d at 412. The court may consider, among other factors, "whether the intervenors' interests are adequately represented by other parties." Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326, 1329 (9th Cir. 1977). USIBWC argues that the court should deny the City's motion because the City's interests are adequately represented by the plaintiffs in City of Imperial Beach and Surfrider.

The court declines to deny the City's motion on this basis. In its opposition, USIBWC failed to identify any delay or prejudice that would result from the City's intervention.[12] No undue delay or prejudice to the parties is apparent. The court is capable of globally managing this litigation by coordinating discovery schedules across related cases and possible consolidation, among other means. Moreover, the court is informed that the parties have formed a planning committee to support this litigation and promote judicial economy. Accordingly, the court finds the City's intervention proper.

---

[10] USIBWC does not dispute that the City's motion is timely.
[11] At oral argument, USIBWC conceded that the third requirement was met.
[12] At oral argument, USIBWC raised new arguments relating to undue delay, hardship, and the City's strategic decision to intervene in this case rather than another case. These arguments were not properly raised in USIBWC's opposition and consisted of conclusory and unsupported arguments at the hearing. Speculation concerning whether and if discovery practice may be extended, as was argued, is simply insufficient to establish the type of delay and hardship the statute references. At this juncture, the court is confident that the planning committee comprised of attorneys from all other parties as well as the assigned magistrate judge will create necessary efficiencies through coordination of discovery and, perhaps, consolidation.

## CONCLUSION

The City's motion to intervene is granted. The City shall file its complaint within five (5) court days of entry of this order.

IT IS SO ORDERED.

DATED: April 11, 2019

JEFFREY T. MILLER
United States District Judge