1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, EX. REL. THE REGIONAL WATER QUALITY CONTROL BOARD, SAN DIEGO REGION, et al., | Case No.: 18cv2050 JM(LL) |
| Plaintiffs, | **ORDER ON JOINT MOTION TO EXTEND STAY** |
| v. | |
| THE INTERNATIONAL BOUNDARY AND WATER COMMISSION, UNITED STATES SECTION, | |
| Defendant. | |

21        Presently before the court is the Parties' "Joint Motion to Extend Stay" (Doc. No.

22 91) in the instant case and two related cases: *City of Imperial Beach, et al. v. The*

23 *International Boundary & Water Commission - United States Section, et al.*, 18cv457

24 JM(LL) (Doc. No. 122) and *Surfrider Foundation v. The International Boundary and*

25 *Water Commission United States Section*, 18cv1621 (JM)LL (Doc. No. 91).

26 **I.    BACKGROUND**

27        On June 25, 2020, the Parties filed a Joint Motion to Stay requesting that the court

28 stay this action and the related actions "while the United States Environmental Protection

Agency [("EPA")] . . . identifies and moves towards the construction of transboundary pollution control infrastructure in Tijuana River Valley." (Doc. No. 69 at 3).[1] The Parties' request was based on the enactment of the United States-Mexico-Canada Implementation Act ("USMCA") on January 29, 2020, "which appropriated to the EPA $300 million for the construction of priority wastewater treatment works to address transboundary pollution in the Tijuana River Valley, and other areas of the border." *Id.* at 5.

At a June 2, 2020 meeting, the EPA announced it would launch a "roughly one-year public process" to evaluate the technical, environmental, and financial feasibility of various potential projects, the results of which would inform what projects would be constructed in the Tijuana River Valley using USMCA funds. *Id.* at 5-6. According to the Parties, the projects the EPA intended to study were "substantially similar in concept to those Plaintiffs sought as remedies in the litigation." *Id.* at 6-7. For these reasons, the Parties jointly moved to stay the cases "for a reasonable period commensurate with the expected duration of the EPA Process" and "to submit to judicial supervision during the stay" via regular status conferences. *Id.* at 3-4.

On July 7, 2020, the court adopted Magistrate Judge Linda Lopez's Report and Recommendation (Doc. No. 74) and stayed the case for twelve months from the date of the Report and Recommendation. (Doc. No. 75 at 2). The court further directed the Parties to participate in attorneys-only telephonic status conferences with Judge Lopez every thirty days for the duration of the stay. *Id.*

## II. LEGAL STANDARD

District courts have inherent power to stay proceedings. The power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court may grant a stay "pending resolution

---

[1] All citations to page numbers are to the page numbers assigned by the court's CM/ECF system.

1 of independent proceedings which bear upon the case," even if those proceedings are not

2 "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal.,*

3 *Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

4      Using this power "calls for the exercise of judgment, [by] which [courts] must weigh

5 competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. The

6 competing interests the court considers include "the possible damage which may result

7 from the granting of a stay, the hardship or inequity which a party may suffer in being

8 required to go forward, and the orderly course of justice measured in terms of the

9 simplifying or complicating of issues, proof, and questions of law which could be expected

10 to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

11 **III.   ANALYSIS**

12      In the instant Motion, the Parties state they have reached an "agreement in principle"

13 to seek a further stay from this court until February 2022. (Doc. No. 91 at 3). The Parties

14 first request however that the court extend the current stay—which is set to expire on July

15 2, 2021—until at least July 23, 2021, so that counsel for Plaintiffs and Defendants may

16 present this agreement to their respective clients for approval. *Id.* Once approved, the

17 Parties expect to move the court to extend the stay for a second time. *Id.*

18      Here, the Parties did not provide any details regarding their agreement in principle

19 or the status of this case, beyond a short statement this agreement is expected to achieve

20 some "short-term mitigation" and "improve information sharing" among the Parties while

21 the EPA process continues. *Id.* Despite this lack of information, given the short length of

22 the extension requested, the court will exercise its discretion and **GRANTS** the Parties'

23 Joint Motion. The stay in the instant case and related cases is extended until **July 23, 2021**.

24      The court cautions the Parties however that this Order is not to be interpreted as the

25 court's approval (implicit or otherwise) of any extension of the stay past July 23, 2021. If

26 the Parties move to extend the current stay for a second time, the Parties should be prepared

27 to provide detailed information to the court substantially justifying this request, including

28 information on: (1) the status of the EPA process; (2) the progress of the Parties' settlement

negotiations to date; (3) exact details of the agreement-in-principle reached by the Parties; and (4) a plan to continue settlement negotiations during an extended stay, including for further judicial supervision.

**IT IS SO ORDERED.**

DATED: June 30, 2021

JEFFREY T. MILLER
United States District Judge

18cv2050 JM(LL)